**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SHARKNINJA OPERATING LLC,<br><br>Plaintiff,<br><br>v.<br><br>SPRAY AND PRAY LLC<br>D/B/A AMAZON SELLER SPRAY AND PRAY LLC<br><br>Defendant. | Case No.: ____________________ |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff, SharkNinja Operating LLC ("Plaintiff" or "SharkNinja"), by and through its undersigned counsel, complains of the conduct of Defendant Spray and Pray LLC d/b/a Amazon Seller Spray and Pray LLC ("Defendant") and alleges upon information and belief as follows:

**NATURE OF THIS ACTION**

1. SharkNinja seeks injunctive and monetary relief for Defendant's trademark infringement, unfair competition, and false advertising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, as well as common law fraud, common law conversion, and other related state law claims arising from Defendant's infringing and fraudulent conduct.

2. This case concerns Defendant's wrongful, unauthorized promotion and sale of SharkNinja's products (hereinafter, the "SharkNinja Products") through online commerce sites. As described more fully below, Defendant is committing fraud and reselling stolen SharkNinja Products and has and continues to falsely advertise SharkNinja Products.

3. Specifically, Defendant advertises and offers for sale one product, and then fulfills an order with a different SharkNinja Product.

4. In addition, Defendant falsely advertises to consumers on Amazon.com that the SharkNinja Products it offers for sale are "new" and, thus, protected by the SharkNinja's warranties (hereinafter, the "SharkNinja Warranties"), in a scheme to deceive consumers into believing that Defendant's SharkNinja Products are the same as those sold by SharkNinja or its Authorized Internet Resellers, when they are not.

5. Consumers are likely to be and have been actually confused by Defendant's sale of SharkNinja Products that are being falsely advertised as "new" products when they are, in fact, used products not protected by the SharkNinja Warranties.

6. This case also concerns Defendant's wrongful, fraudulent promotion and sale of SharkNinja Products through online commerce sites. As described more fully below, Defendant engages in a scheme to defraud SharkNinja by: (1) purchasing SharkNinja products directly from SharkNinja, including through SharkNinja's direct-to-consumer ("D2C") sales channels and TikTok Shop ("TTS"); (2) initiating and obtaining refunds for those products by representing to SharkNinja that the products were being returned; (3) never actually returning the purchased products to SharkNinja; and *(4) reselling those same, unreturned products on Amazon.com and other Internet marketplaces,* thereby receiving both a full refund of the purchase price and the sale proceeds from reselling the same unreturned product. Upon information and belief, Defendant has perpetuated this scheme on a massive scale, amassing an inventory of more than 600 units of SharkNinja's new product launches for unauthorized resale on Amazon.com. Defendant's scheme has enabled it to obtain the Amazon "Buy Box" on multiple SharkNinja new product listings, thereby directly displacing SharkNinja's own authorized sales and diverting revenue from SharkNinja and its network of authorized internet resellers.

7. Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce, a likelihood of confusion and deception amongst consumers of SharkNinja Products, to the irreparable injury of SharkNinja.

8. As a result of Defendant's actions, SharkNinja is suffering a loss of the enormous goodwill that SharkNinja has created in the SharkNinja brands and SharkNinja Products, and is losing profits from lost sales of products. This action seeks permanent injunctive relief and damages for Defendant's false advertising, fraud, conversion, and unfair competition.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

10. This Court has supplemental jurisdiction over the pendent state law claim pursuant to 28 U.S.C. § 1367(a).

11. This Court has personal jurisdiction pursuant to Mass. Gen. Laws c. 223A § 3 because Defendant has sold, offered for sale, or otherwise distributed SharkNinja Products to residents of the Commonwealth and this District; because Defendant has caused tortious injury to SharkNinja within the Commonwealth and this District; because Defendant practices the unlawful conduct complained of herein, in part, within the Commonwealth and this District; because the unlawful conduct complained of herein causes tortious injury, in part, within the Commonwealth and this District; because Defendant regularly conducts business within the Commonwealth and this District; and because Defendant enters into sales contracts with residents of the Commonwealth and this District.

12. Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## PARTIES

13. Plaintiff SharkNinja Operating LLC is a Delaware limited liability company with its principal place of business in Needham, Massachusetts. SharkNinja designs, manufactures, and sells a variety of household and cleaning products and accessories under the "Shark" and "Ninja" brand names. SharkNinja sells its products on the Internet through its Authorized Internet Reseller Network.

14. Upon information and belief, Defendant Spray and Pray LLC is a Wyoming limited liability company with its principal place of business located at 30 N Gould St Ste R, Sheridan, WY 82801, also known as Omega Distributions Co and 13007332 Canada Inc. Upon information and belief, Defendant operates through multiple locations, including but not limited to 1973 Bur Oak Avenue, Markham, Ontario L6E1W5, Canada; 921 N Milliken Ave #1025, Ontario, CA 91764; 901 E 233rd St., Carson, CA 90745 (via "Dependable Carson"); 12403 Central Ave., Unit 714, Chino, CA 91710; 7252 Archibald Ave., Unit 1037, Rancho Cucamonga, CA 91701; and 1470 Exposition Way, San Diego, CA 92154. Defendant does business or has done business and sold products to consumers, including SharkNinja Products, within the Commonwealth of Massachusetts and this District through various online commerce sites, including, but not limited to, Amazon.com, using the seller names "Spray and Pray LLC" under the Amazon Seller ID AT49NB6OPEIMC.

## FACTS

***SharkNinja's Trademark Usage***

15. The U.S. Patent and Trademark Office ("PTO") has issued several registrations for marks used with household and cleaning products and accessories (hereinafter, the "SharkNinja Marks"). The SharkNinja Marks include, but are not limited to:

| Mark | Registration No. | Registration Date |
|---|---|---|
| SHARK | 4,329,299 | April 30, 2013 |
| SHARK | 2,771,850 | October 7, 2003 |
| SHARK IQ ROBOT | 6,131,311 | August 18, 2020 |
| NINJA | 5,453,690 | April 24, 2018 |

16. The SharkNinja Marks have been in continuous use since at least their respective dates of registration.

17. SharkNinja advertises, distributes, and sells its SharkNinja Products to consumers under the SharkNinja Marks.

18. The federal trademark registrations for the SharkNinja Marks were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of the validity of the SharkNinja Marks.

19. SharkNinja has invested a substantial amount of money and has expended significant time and effort in advertising, promoting, and developing the SharkNinja Marks throughout the United States and the world. As a result of such advertising and promotion, SharkNinja has established substantial goodwill and widespread recognition in the SharkNinja

Marks, and the marks have become associated exclusively with SharkNinja and its products by both customers and potential customers, as well as the general public at large.

20. To create and maintain such goodwill among its customers, SharkNinja has taken substantial steps to ensure that products bearing the SharkNinja Marks are of the highest quality. As a result, the SharkNinja Marks have become widely known and are recognized throughout the United States and the world as symbols of high-quality products.

21. As a result of, *inter alia*, the care and skill exercised by SharkNinja in the conduct of its business, the high quality of the goods sold under the SharkNinja Marks, and the extensive advertising, sale, and promotion by SharkNinja of its products, the SharkNinja Marks have acquired secondary meaning in the United States and the world, including this District.

22. SharkNinja is not affiliated with Defendant, and Defendant is not authorized to use the SharkNinja Marks.

***SharkNinja Products***

23. SharkNinja is recognized throughout Massachusetts, the United States, and the world as a leading manufacturer of household and cleaning products and accessories.

24. SharkNinja sells its products to consumers through a nationwide network of exclusive and authorized Internet resellers ("Authorized Internet Resellers" and the "Authorized Internet Reseller Network").

25. Only SharkNinja products purchased from SharkNinja directly, or through an Authorized Internet Reseller, qualify for the SharkNinja Warranties.

26. For example, the Shark One (1) Year Limited Warranty states:[1]

---

[1] *Available at*: https://www.sharkclean.com/warranty/1-year-limited-warranty/.

**ONE (1) YEAR LIMITED WARRANTY**

The One (1) Year Limited Warranty applies to purchases made from authorized retailers of SharkNinja Operating LLC. Warranty coverage applies to the original owner and to the original product only and is not transferable.

27. As another example, the NINJA One (1) Year Limited Warranty contains nearly identical language:[2]

**ONE (1) YEAR LIMITED WARRANTY**

The One (1) Year Limited Warranty applies to purchases made from authorized retailers of SharkNinja Operating LLC. Warranty coverage applies to the original owner and to the original product only and is not transferable.

28. Through advertising and promotional efforts, customers throughout Massachusetts, the United States, and the world recognize the SharkNinja name and logo, upon which they rely for high-quality products and attentive customer service.

29. SharkNinja has invested and has expended significant time and effort in advertising and promoting its SharkNinja Products and developing its Authorized Internet Reseller Network. As a result of such advertising and promotion, SharkNinja has established substantial goodwill and widespread recognition in the SharkNinja Products, which have become associated exclusively with SharkNinja and its products by both customers and potential customers, as well as with the general public at large.

[2] *Available at*: https://www.ninjakitchen.com/warranty/1-year-limited-warranty/

***Defendant's False Advertising and Other Misconduct***

30. SharkNinja has never authorized or otherwise granted Defendant permission to sell SharkNinja Products. Defendant is not an Authorized Internet Reseller of SharkNinja Products.

31. Despite this, Defendant is currently offering for sale and selling SharkNinja Products on various online commerce sites including, but not limited to, Amazon.com.

32. By advertising and offering for sale SharkNinja Products as "new" on Amazon.com, Defendant is representing to consumers that the SharkNinja Products they purchase from Defendant are protected by the SharkNinja Warranties. However, only SharkNinja Products purchased directly from SharkNinja or an Authorized Internet Reseller qualify for the SharkNinja Warranties. SharkNinja has never authorized Defendant to resell its products and Defendant is not an Authorized Internet Reseller of SharkNinja Products. Therefore, the SharkNinja Products Defendant offers for sale and sells are not "new" and covered by the SharkNinja Warranties as advertised.

33. Additionally, Defendant advertises one SharkNinja Product on Amazon.com and actually sells and delivers to consumers a different SharkNinja Product.

34. To confirm this practice, SharkNinja conducted a test buy in which it purchased a SharkNinja Product from Defendant's Amazon.com storefront.

35. Specifically, SharkNinja ordered the NC601 model, but Defendant fulfilled the order with a different model, the CN601CO.

36. The product Defendant advertised and that SharkNinja ordered is shown below:




37. The product Defendant actually shipped in fulfillment of that order is shown below:






38. Defendant intentionally advertises and sells SharkNinja Products in ways that are likely to deceive and create consumer confusion.

39. Defendant's continued advertisement, display, and sale of SharkNinja Products on the Internet, including, but not limited to, Amazon.com has harmed, and continues to harm, SharkNinja and its relationships with consumers and its Authorized Internet Resellers.

40. SharkNinja also conducted a separate series of test buys from Defendant's Amazon.com storefront to confirm the source of Defendant's inventory.

41. In these test buys, SharkNinja purchased the Shark FlexStyle (model FS701GN) and the Shark MessMaster (model MW101BK1) from Defendant and, in each instance, received brand-new SharkNinja Products shipped from SharkNinja's own warehouse.

42. The products bore labels indicating they were originally purchased through SharkNinja's direct-to-consumer sales channel.

43. The FlexStyle test purchase was traced to a purchase originally made by an individual named Jayden Viani, located at 921 N Milliken Ave #1025, Ontario, CA 91764, under purchase order number 115206346, and shipped through a facility at 901 E 233rd St., Carson, CA 90745 ("Dependable Carson").

44. The MessMaster test purchase (model MW101BK1) was traced to a return address associated with an individual named Matthew Kennedy at 7252 Archibald Ave., Unit 1037, Rancho Cucamonga, CA 91701 who SharkNinja's investigation has identified as a central participant in Defendant's fraudulent refund scheme.

45. Further, upon information and belief, Defendant is in possession of and selling stolen SharkNinja Products.

46. Specifically, Defendant, acting through associated individuals and entities,

purchases SharkNinja Products through SharkNinja's direct-to-consumer sales channels, including TTS, requests a refund from SharkNinja for the purchased SharkNinja Product, does not return the SharkNinja Product, and subsequently resells the SharkNinja Product as "new" on online commerce sites including, but not limited to, Amazon.com.

47. Upon information and belief, Defendant obtains a full refund for each product but retains possession of the SharkNinja Product for resale, instead sending a different or fraudulent product back to SharkNinja as the purported "return."

48. SharkNinja's internal records confirm that, for example, out of 39 total orders of one SharkNinja Product (model NC601) placed through one of its sales channels, only one product was actually returned, yet refunds were sought and obtained for a far greater number.

49. Defendant's actions constitute fraud against SharkNinja, as well as common law conversion.

50. Defendant's initiation of a refund constitutes a false representation of material fact, and Defendant has knowledge of its falsity by perpetuating this return scheme.

51. SharkNinja's investigation has identified that Defendant operates its fraudulent scheme through associated individuals, including an individual named Matthew Kennedy, against SharkNinja across multiple product lines and sales channels.

52. Defendant initiates a refund for the purpose of inducing SharkNinja to act thereon and award Defendant a refund.

53. SharkNinja relies upon the representation of material fact as true and acts upon it to its detriment.

54. In addition, Defendant's actions constitute common law conversion as SharkNinja has a right to possession of SharkNinja Products for which a refund has been issued, Defendant

has converted the personal property to its own use, without right, and by doing so, SharkNinja has suffered damages.

***Likelihood of Confusion and Injury Caused by Defendant's Actions***

55. Defendant's actions substantially harm SharkNinja by placing falsely advertised, unwarranted SharkNinja Products into the stream of commerce in the United States.

56. Defendant's sale of SharkNinja Products without the corresponding SharkNinja Warranties is likely to cause—and has caused—consumer confusion and disappointment regarding SharkNinja's sponsorship or approval of those products.

57. Defendant's actions substantially harm SharkNinja and consumers who ultimately purchase Defendant's unwarranted and falsely advertised SharkNinja Products believing them to be "new" products protected by the SharkNinja Warranties, as they would receive from SharkNinja or an Authorized Internet Reseller. Defendant's actions cause consumers to not receive the product as he or she intended.

58. Defendant's actions also substantially harm SharkNinja and consumers who ultimately purchase Defendant's unwarranted, falsely advertised SharkNinja Products believing to be buying one SharkNinja Product and receiving a different SharkNinja Product. Defendant's actions cause consumers to not receive the product he or she intended.

59. In addition, consumers' image of SharkNinja is diminished because they receive stolen SharkNinja Products as a result of Defendant's fraudulent scheme.

60. Upon information and belief, Defendant has placed stolen SharkNinja Products into the hands of unsuspecting consumers, who have no recourse to SharkNinja's warranty protections and customer service, thereby causing widespread reputational harm to the SharkNinja brands.

61. Defendant's conduct results in consumer confusion as well as the dilution of

SharkNinja's goodwill and trade name as consumers are not receiving the products they believe they are purchasing.

62. The harm being caused by the Defendant in this case is not theoretical. Purchasers on Amazon.com have complained about Defendant's business practices. For example:

> "Did not receive my item these people are scammed do not buy from the they gave me a recycled tracking number they didn't even ship my item but kept telling me they did and it was on its way. I should have read their reviews because had I seen all the negative reviews I never would have purchased from them! SCAMMERS!"
>
> Read less
>
> By Amazon Customer on September 21, 2026.

> "Buyer beware! Seller stated they shipped out the item twice. Provided a tracking number that was not legit."
>
> By cmreese232 on September 21, 2026.

> "I will never order again. Very disappointed in the customer support for the vendor."
>
> By DD on September 17, 2026.

> "I don't recommend this seller. Their product support is terrible. You can't replace or refund items quickly like a typical Amazon order."
>
> By Amazon Customer on September 16, 2026.

63. The sale of SharkNinja Products by unauthorized resellers, such as Defendant, interferes with SharkNinja's ability to control the quality of SharkNinja Products sold to consumers.

64. Defendant's conduct results in the lessening of sales of authorized and properly advertised SharkNinja Products to the detriment of SharkNinja.

65. As a result of Defendant's actions, SharkNinja is suffering the loss of substantial goodwill and widespread recognition in the SharkNinja brands and SharkNinja Products.

66. In addition, SharkNinja suffers direct financial harm through Defendant's return

scheme.

67. For every unit Defendant fraudulently obtains a refund on and subsequently resells, SharkNinja incurs a double loss: the refunded purchase price and the lost revenue from the authorized sale that Defendant's unauthorized listing displaces.

68. Defendant continues to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to SharkNinja's irreparable harm.

## COUNT I
## Unfair Competition / False Advertising in Violation of 15 U.S.C. § 1125(a)

69. SharkNinja hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

70. This is a claim for federal trademark infringement under 15 U.S.C. § 1125(a).

71. The SharkNinja Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing SharkNinja's products and services.

72. SharkNinja engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the SharkNinja Marks, throughout the United States.

73. By advertising or promoting products using the SharkNinja Marks as alleged herein, Defendant is misrepresenting the nature, characteristics, and qualities of their goods and services in violation of 15 U.S.C. § 1125(a).

74. Defendant has made and distributed, in interstate commerce and in this District, product listings and advertisements that falsely designate the origin of Defendant's goods and services, falsely represent sponsorship by, affiliation with, or connection to SharkNinja and its goods and services, and/or falsely represent the nature, qualities, and characteristics of the SharkNinja Products sold by Defendant in violation of 15 U.S.C. § 1125(a).

75. Defendant's advertisement and sale of SharkNinja Products as alleged herein constitutes the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of 15 U.S.C. § 1125.

76. Defendant's advertisement and sale of SharkNinja Products as alleged herein intentionally misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's goods and services. Specifically, Defendant's unauthorized advertisement and sale of SharkNinja Products intentionally misrepresents to consumers that Defendant's SharkNinja Products are "new" products protected by the SharkNinja Warranties and/or consumers will receive the specific SharkNinja Product ordered.

77. Defendant's advertisement and sale of SharkNinja Products as alleged herein creates a false description and false designation of origin in violation of 15 U.S.C. § 1125, and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and injury to SharkNinja's goodwill and reputation in the SharkNinja brands and SharkNinja Products, for which SharkNinja has no adequate remedy at law.

78. Defendant's advertisement and sale of SharkNinja Products to mislead and deceive consumers into believing that the SharkNinja Products sold by Defendant are "new" and covered by the SharkNinja Warranties demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with the SharkNinja brands and SharkNinja Products, thereby causing immediate, substantial, and irreparable injury to SharkNinja.

79. As a direct and proximate result of Defendant's actions, SharkNinja has been, and continues to be, damaged by Defendant's activities and conduct. Defendant has profited thereby,

and, unless its conduct is enjoined, SharkNinja's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, SharkNinja is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

80. SharkNinja is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

81. SharkNinja is entitled to a disgorgement of Defendant's profits received due to its conduct described herein pursuant to 15 U.S.C. § 1117.

## COUNT II
## Common Law Conversion

82. SharkNinja hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

83. SharkNinja has ownership and possessor interest in its products.

84. Defendant is in possession of products stolen from SharkNinja.

85. Defendant is not entitled to SharkNinja's property in any way.

86. Defendant intentionally, improperly, and unlawfully exercised dominion and control over SharkNinja's Products by offering to sell and selling the stolen SharkNinja Products.

87. As a direct and proximate result of the foregoing willful, wanton, reckless, and malicious conduct of Defendant, SharkNinja's property has been misappropriated and SharkNinja has incurred substantial economic loss.

## COUNT III
## Common Law Fraud

88. SharkNinja hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

89. Defendant's return scheme constitutes fraud by inducing SharkNinja to rely on Defendant's misrepresentations.

90. Defendant made a false representation of material fact to SharkNinja in initiating a return of SharkNinja Products.

91. Defendants made the false representation of material fact with knowledge of its falsity as part of its return scheme.

92. Defendants made the false representation of material fact for the purpose of inducing SharkNinja to act thereon.

93. SharkNinja relied upon the representation as true and acted upon it to their detriment.

94. As a result of Defendant's fraudulent practices, Defendant has irreparably harmed SharkNinja.

## COUNT IV
## Unfair Competition Under G.L. c. 93A

95. SharkNinja hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

96. SharkNinja and Defendant are in the conduct of trade or commerce within the meaning of G.L. c. 93A.

97. As detailed above, Defendant's continued fraudulent business practices and false advertising of SharkNinja Products constitutes an unfair and deceptive business practice.

98. Specifically, Defendant's scheme of purchasing SharkNinja Products, fraudulently obtaining refunds for products never returned, and reselling those same products as "new" on Amazon.com constitutes unfair methods of competition and unfair and deceptive acts or practices, as it is immoral, unethical, oppressive, and unscrupulous, and causes substantial injury to SharkNinja and consumers.

99. Defendant's conduct is aggravated by its scale—encompassing more than 600 units of SharkNinja Products—and its deliberate exploitation of SharkNinja's return processing systems.

100. Defendant’s acts have irreparably harmed SharkNinja and, unless enjoined, will continue to do so in a manner affording SharkNinja no adequate remedy at law.

101. Defendant's conduct was willful and knowing, entitling SharkNinja to recover up to three times its actual damages, together with reasonable attorneys' fees and costs, pursuant to Mass. Gen. Laws ch. 93A, § 11.

102. Defendant has refused to desist from these wrongful acts, and therefore Defendant has indicated that it intends to continue its unlawful conduct, unless restrained by this Court.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff SharkNinja Operating LLC prays for judgment in its favor and against Defendant Spray and Pray LLC providing the following relief:

A. Preliminarily and permanently enjoin Defendant, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with Defendant, including, but not limited to, any online platform, such as Amazon.com, or any website, website host, website administrator, domain registrar, or internet service provider, and including but not limited to Defendant's associated individuals, entities, and aliases, including “Omega Distributions Co” and “13007332 Canada Inc.,” from:

i. using, or attempting to use, any of the SharkNinja intellectual property;

ii. acquiring, or taking any steps to acquire, any SharkNinja Products;

iii. selling, or taking any steps to sell, any SharkNinja Products;

iv. engaging in any false or misleading advertising with respect to SharkNinja

products, which relief includes, but is not limited to, prohibiting the offer for sale or sale of any SharkNinja Products;

v. engaging in any activity constituting unfair competition with SharkNinja; and

vi. inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

vii. providing a complete accounting to SharkNinja of all invoices, purchase records, return authorizations, refund confirmations, shipping records, and resale listings for any and all SharkNinja Products purchased, sought a refund for, or resold by Defendant, whether or not actually returned to SharkNinja;

viii. returning to SharkNinja all SharkNinja Products currently in Defendant's possession, custody, or control;

ix. repaying to SharkNinja the full amount of all refunds obtained for SharkNinja Products that were not actually returned; and

x. preserving all records, communications, and other evidence relating to the conduct described in this Complaint, including but not limited to purchase orders, return and refund records, shipping records, Amazon seller account data, and financial records.

B. Finding that, (i) as to Count I, Defendant’s unauthorized sale of SharkNinja Products constitutes false advertising, in violation of 15 U.S.C. § 1125(a) by using false, deceptive, or misleading statements of fact that misrepresent the nature, quality, and characteristics of the SharkNinja products sold by it; (ii) as to Count II, Defendant’s sale of SharkNinja Products constitutes common law conversion; (iii) as to Count III, Defendant’s sale of SharkNinja Products constitutes common

law fraud; and (iv) as to Count IV, Defendant's sale of SharkNinja Products constitutes a violation of Mass. Gen. Laws ch. 93A.

C. Award SharkNinja its actual damages suffered as a result of Defendant's acts, including but not limited to the value of all refunds fraudulently obtained for products that were never returned, lost profits from displaced authorized sales, and injury to SharkNinja's goodwill and brand reputation, and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and Mass. Gen. Laws ch. 93A;

D. Award SharkNinja Defendant's profits as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and Mass. Gen. Laws ch. 93A;

E. Award SharkNinja its reasonable attorneys' fees in bringing this action as allowed by law pursuant to 15 U.S.C. § 1117 and Mass. Gen. Laws ch. 93A;

F. Award SharkNinja pre-judgment and post-judgment interest in the maximum amount allowed under the law;

G. Award SharkNinja the costs incurred in bringing this action; and

H. Grant SharkNinja such other relief as this Court deems just and proper.

**JURY TRIAL CLAIM**

SharkNinja hereby requests trial by jury on all claims so triable.

Respectfully submitted,

SHARKNINJA OPERATING LLC

by its attorneys,

*/s/ Morgan T. Nickerson*
Morgan T. Nickerson (BBO#667290)
morgan.nickerson@klgates.com
K&L Gates LLP
1 Congress Street, Suite 2900
Boston, MA 02114
Tel: (617) 261-3100
Fax: (617) 261-3175

Dated: September 23, 2026